UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN D. CONLEY, | ) | CASE NO. 5:24-cv-1430 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| WARDEN IAN M. HEALY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon petitioner Franklin Conley's ("Conley") *pro se* petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. (*See* Doc. No. 1.) This matter was referred to United States Magistrate Judge James E. Grimes for a report and recommendation. (Doc. No. 4.) Magistrate Judge Grimes filed his report and recommendation on May 28, 2025, recommending that the Court deny Conley's petition. (Doc. No. 11, at 1.)[1]

Under the relevant statute:

> […] Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections is made.

28 U.S.C. § 636(b)(1)(C). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge if no objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Objections in this case were due on June 11, 2025. Petitioner filed no objections by the deadline and did not request a time extension. The Court has reviewed the Magistrate Judge's report and recommendation and adopts the same.

Even if Conley had not waived de novo review, his claims are without merit. Conley challenges the Bureau of Prison's ("BOP") denial of application of his accrued time credits. (Doc No. 1, at 18.) The BOP uses a risk assessment tool called PATTERN to score inmates' recidivism risk and determine eligibility for application of time credits earned under the First Step Act. (Doc. No. 11, at 9-13 (providing background on the First Step Act and PATTERN)). Conley asserts that the BOP erroneously increased his recidivism risk level to medium, which resulted in denial of the application of his earned time credits. (Doc. No. 1, at 18-20.)

Conley has prior convictions for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and interference with commerce by threats or violence in violation of 18 U.S.C. § 1951(a). (Doc. No. 11, at 1.) He claims that the BOP's definition of "crime of violence" for the purpose of grading convictions on PATTERN scoring erroneously scored his two offenses as violent, which elevated his PATTERN score. (Doc. No. 1, at 18-20.) He asserts that the BOP must instead adopt the narrower definition of "crime of violence" as used in 18 U.S.C. § 924(c), which would exclude both of his offenses, reduce his PATTERN risk level, and allow his time credits to apply. (Doc. No. 1, at 12-15.) More broadly, Conly argues that the BOP's interpretation of "crime of violence" violated the Administrative Procedures Act ("APA") because it failed to comply with the notice-and-comment requirements. (Doc. No. 1, at 18.)

As described in the magistrate judge's report and recommendation, the parameters used to determine Conley's PATTERN risk assessment score—including which offenses are subject to a heightened risk scoring as "crimes of violence"—are entirely within the discretion of the BOP and

not subject to judicial review. (Doc. No. 11, at 14-16.) *See, e.g., Hicks v. Heckard*, No. 5:23-cv-581, 2024 WL 833190, at *6 n.2 (S.D.W. Va. Feb. 1, 2024) (rejecting petitioner's argument that his PATTERN score was incorrectly calculated because PATTERN scoring is not reviewable by the court), *report and recommendation adopted*, 2024 WL 818472 (S.D.W. Va. Feb 27, 2024). Moreover, the fact that there is one definition for "crime of violence" in the context of 18 U.S.C. § 924(c) does not foreclose the BOP's discretion to adopt a *different* definition for other contexts. *See, e.g., Felton v. Janson*, No. 2:23-cv-04657, 2024 WL 4186071, at *5 (D.S.C. May 15, 2024) ("[T]he BOP's creation of its own definition for a 'crime of violence' is within the BOP's authority."); *see also Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999) ("While the [BOP's] definition of a crime of violence in Program Statement 5162.02 may not be consistent with court interpretations of 18 U.S.C. § 924(c)(3), it is, nevertheless, a permissible and reasonable interpretation of the statute from which the Bureau derived its authority.").

The Court finds particularly persuasive the long line of cases, from many district courts across the country, denying habeas relief based on similar grounds. *See, e.g.*, *Felton*, 2024 WL 4186071 at *5 (rejecting habeas petitioner's claim that his § 922(g) conviction should not be considered a "violent offense" for purposes of PATTERN risk assessment scoring); *Sampson v. Lillard*, No. 23-cv-1792, 2024 WL 4040350 (S.D. Ill. Sept. 4, 2024) (distinguishing the definitions of "crime of violence" for the purposes of sentencing and for PATTERN scoring pursuant to the First Step Act, and concluding that the BOP's determination that an offense under 18 U.S.C. § 922(g) was a "crime of violence" for PATTERN scoring was within its discretion); *Harris v. Holzapfel*, No. 5:24-cv-00610, 2025 WL 769606, at *7 (S.D.W. Va. Feb. 14, 2025) (finding that habeas petitioner's claim that the BOP was mischaracterizing his § 922 (g) conviction as a "crime

3

of violence" was not subject to judicial review), *report and recommendation adopted*, 2025 WL 757827 (S.D.W. Va. Mar. 10, 2025). This petition for habeas relief is no different.

Finally, Conley separately claims that the BOP's adoption of the definition of "crime of violence" violated the APA's notice-and-comment requirements. (Doc. No. 1, at 18.) That claim is without merit, as the definition is exempted as an interpretive rule and non-binding agency guidance. *See, e.g., Ayash v. U.S. Bureau of Prisons*, No. 21-cv-2110, 2022 WL 3444846, at *4 (D.D.C. Aug. 17, 2024) (collecting cases).

For all of the foregoing reasons, the Court **ADOPTS** Magistrate Judge Grimes's report and recommendation, (Doc. No. 11), and **DENIES** Conley's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) This case is **DISMISSED**. The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certification of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22.

**IT IS SO ORDERED.**

Dated: June 23, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

4